## AVERY v. WETMORE — (SHERIFF.)

If a sheriff be attached in a civil suit, the process is abatable.

THIS action was instituted against the sheriff, for the default of one of his deputies, by writ of attachment, and the sheriff's body arrested. He pleaded in abatement, that during his continuance in the office of sheriff, his person was not liable to arrest or imprisonment, by civil process; and for cause alleged, that as the sheriff is *ex-officio* keeper of the prison, an imprisonment of his person would operate as a release to the prisoners of the county. On the plea of abatement, the case was appealed to the Superior Court — and for the reason alleged in the plea the process abated.

It was then contended on the part of the plaintiff, that the suit ought to proceed as a summon, and to cease only in its operation against the person of the sheriff. But the court

said, that the mode of process being improper, it must abate, *in toto.*

Note.— The substance of this report was given me by Mr. Huntington.

N. B.— It is the practice of all courts in the state of Connecticut, to try pleas in abatement without any answer. If the plaintiff chooses, he may demur or traverse, but if he does not choose, he informs the court, *ore tenus,* what parts of the plea he denies, and the court direct an inquiry; but otherwise, it stands demurred to, and the record is, " plea in abatement sufficient, or insufficient."

Note.— In this county, March term, 1784, the court established a standing rule for computing interest on obligations, where one or more payments have been made — Which follows — Compute the interest to the time of the first payment; if that be one year or more from the time the interest commenced; add it to the principal, and deduct the payment from the sum total. If there be after payments made, compute the interest on the balance due to the next payment, and then deduct the payment as above; and in like manner from one payment to another, till all the payments are absorbed; provided the time between one payment and another be one year more. But if any payment be made before one year's interest hath accrued, then compute the interest on the principal sum due on the obligation for one year, add it to the principal, and compute the interest on the sum paid, from the time it was paid, up to the end of the year; add it to the sum paid, and deduct that sum from the principal and interest added as above. If any payments be made of a less sum than the interest arisen at the time of such payment, no interest is to be computed but only on the principal sum for any period.